**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| Rhodium Enterprises, Inc. | § | Case No. 24-90454 (ARP) |
| | § | |
| Wind Down Debtor.[1] | § | |
| | § | |

**STATEMENT OF THE WIND DOWN DEBTOR
CONCERNING THE MIDAS GREEN SANCTIONS MOTIONS**

The Wind Down Debtor,[2] by and through its undersigned counsel, respectfully submits this statement (the "**Statement**") regarding several evidentiary and housekeeping matters in advance of the hearing scheduled for July 29, 2026, at 1:00 p.m. CST (the "**July 29 Hearing**") on the Debtors' motions for sanctions [Docket Nos. 1793 and 1794] ("**Sanctions Motions**")[3] against Midas Green.

**STATEMENT**

1. As an initial matter, Charles Topping, the Debtors' former General Counsel, is available to testify at the July 29 hearing. The Court may recall that Mr. Topping submitted a declaration at the Court's direction on September 12, 2025 [Docket No. 1641] (the "**Topping Declaration**"), detailing the fees that the Debtors incurred associated with the Midas Green litigation. The Wind Down Debtor sought to offer the Topping Declaration at the hearing in this

---

[1] The last four digits of the taxpayer identification number for Rhodium Enterprises, Inc. is 6290. The location of the Wind Down Debtor's service address for purposes of this chapter 11 case is 7301 SW 57th Ct, Suite 515, Miami, FL 33143.

[2] Capitalized terms used but not described herein shall have the meaning ascribed to them in *The Wind Down Debtor's Response to Midas Green's Request to Deny or Defer Attorney's Fees under 35 U.S.C. § 285 and Reply in Further Support of its Request to Grant Second Sanctions Motions Against Midas Green* [Docket No. 2427].

[3] Unless otherwise indicated herein, all documents referenced herein were filed in *In re Rhodium Encore, LLC, et al.*, Case No. 24-90448 (ARP).

matter on June 30, 2026 (the "**June 30 Hearing**").  Midas Green objected on hearsay grounds because Mr. Topping was not available for examination at the June 30 Hearing, and the Wind Down Debtor argued his declaration nevertheless was admissible under the residual exception to the hearsay rule.  *See* [Docket No. 2456], June 30 Tr. at 58-59 (transcript excerpts are attached hereto at **Tab A**).  The Court indicated it would take the Wind Down Debtor's argument for admission under advisement.  *See id.* at 62-63.[4]  Fortunately, Mr. Topping will appear at the resumed July 29, 2026 Hearing, which obviates Midas Green's objection.[5]

2.      The Wind Down Debtor submits that the hearing can be completed without lengthy witness testimony, from Mr. Topping or otherwise.  Importantly, invoices from the professional firms Rhodium employed in its litigation with Midas Green are all before the Court, and available for review.  During the June 30 Hearing in this matter, Midas Green complained that Mr. Topping did not attach copies of the pre-petition invoices for Kirkland & Ellis LLP ("**Kirkland**") and Stris & Maher LLP ("**Stris**") to his declaration when it was submitted last year.  Notably, in the nearly twelve months since the Topping Declaration was submitted, Midas Green never sought discovery of any of those materials.

3.       Nevertheless, after Midas Green raised its concerns at the June 30 Hearing, the Wind Down Debtor identified the materials sought by Midas Green, produced them, and added them to its witness and exhibit list.  This exercise required considerable effort, including because neither Mr. Topping nor the Kirkland and Stris firms are employed by the Wind Down Debtor,

---

[4]     It appears that, despite having put Mr. Topping on its witness list, Midas Green made no effort of its own to arrange for Mr. Topping to testify on June 30, 2026. Contrary to Midas Green's claim during the June 30 Hearing, Midas Green never asked the Wind Down Debtor to make Mr. Topping available for the hearing.  In any case, the Wind Down Debtor's ability to produce Mr. Topping, who is not an employee of the Wind Down Debtor, is, and was, limited at best.  Mr. Topping is appearing at the July 29, 2026 Hearing in response to the Wind Down Debtor's trial subpoena.

[5]     Midas Green has advised the Wind Down Debtor that it intends to cross-examine Mr. Topping during the July 29 Hearing.

and because the Wind Down Debtor's counsel was not involved in preparing the Topping Declaration in 2025.

4.        The Wind Down Debtor sought to file the Stris pre-petition invoices with the Court on June 30, but because PACER was down, instead filed those materials on July 1, 2026.  *See* [Docket No. 2444-6] (filed Stris invoices).  The Kirkland pre-petition invoices took longer for the Wind Down Debtor to track down, and were filed with the Court on July 22, 2026.  *See* [*In re Rhodium Enterprises, Inc.*, No. 24-90454, Docket No. 8-1] (filed Kirkland invoices).[6]

5.        The Wind Down Debtor submits that these invoices are admissible for all purposes under the business records exception to the hearsay rule, and speak for themselves.  *See* FRE 803(6); 902(11); *see also* [*In re Rhodium Enterprises, Inc.*, No. 24-90454, Plaintiff's Exhibit 56, filed at Docket No. 8-3] (Peloubet 902(11) business records certification of all pre-emergence invoices); [*In re Rhodium Enterprises, Inc.*, No. 24-90454, Plaintiff's Exhibit 55, filed at Docket No. 8-2] (Tomasco 902(11) certification of Quinn invoices); [*In re Rhodium Enterprises, Inc.*, No. 24-90454, Plaintiff's Exhibit 57, filed at Docket No. 8-4] (Brannen 902(11) certification of Stris invoices); *Montes v. Phelps Dodge Industries, Inc.,* 481 F. Supp. 2d 700, 709 (W.D. Tex. Sept. 27, 2006) (observing that business records elements may be established "by the testimony of the custodian or other qualified witness, *or* by certification that complies with Rule 902(11)," and

---

[6]    The Wind Down Debtor also filed post-emergence Akin invoices through May 2026 on July 1, 2026.  *See* [Plaintiff's Exhibits 42-45, Docket No. 2444-2, 2444-3, 2444-4, 2444-5].  All other invoices – those incurred post-petition and pre-emergence – were attached to fee applications and have been on the docket and available for review for months.  For convenience, the Wind Down Debtor also identified certain of these documents as exhibits on June 26, 2026.  *See* [Plaintiff's Exhibits 25 and 27].  Previously, Midas Green has suggested that witnesses and evidence not identified on the Wind Down Debtor's initial June 26, 2026 witness and exhibit list cannot be offered at any hearing in this case.  The Wind Down Debtor submits, however, that Midas Green has misinterpreted the operative rules.  Local Rule 9013-2(b) requires the parties to exchange exhibits and file witness and exhibit lists "by noon on the day of exchange in accordance with Table 1."  *See* Bankr. S.D. Tex. R. 9013-2(b).  The "day of exchange" is the day that is two business days before the hearing in question.  Since July 29, 2026 is a Wednesday, pursuant to Table 1, the "day of exchange" is Monday, July 27, 2026.  *See id.* 9013-2(m).  All of the invoices (and other evidence and witnesses) were identified on or before July 22, 2026 (and in many cases, several weeks before the day of exchange), and therefore are compliant with the local rule.

admitting document based on certification) (emphasis added). [7]   The residual exception to the hearsay rule provides an additional and independent basis for admission of the invoices.  *See U.S. v. Laster*, 258 F.3d 525 (6th Cir. 2001) (admitting invoices under the residual exception where they were more probative on the point offered than any other available evidence, had indicia of trustworthiness, and where their admission would serve the interests of justice); *Scully v. Cashman Equipment Co.*, 2016 WL 4149961 (C.D. Cal. Aug. 2, 2016) ("[C]ourts have routinely found that commercial invoices and other similar documents are admissible under the business records exception.").

6.      The Wind Down Debtor also submits that any continuing cross of Mr. Pietzsch, to the extent called for at all, can be brief.  The Wind Down Debtor intends to withdraw paragraphs 3-5 and 8 of the Pietzsch Declaration.  Paragraph 5 concerns fees incurred by the Debtors from the date of the Topping Declaration through emergence.  The Stris applications identify all the work Stris performed related to Midas Green separately during that period (amounting to $275,324.10), but the Quinn applications do not.  Accordingly, as Mr. Pietzsch explained during the July 2, 2026 hearing, he directed Akin to seek to identify in the Quinn invoice entries related to Midas Green, and sum the associated amounts.  After the July 2 hearing, Akin discovered that it made an error in its review of the Quinn fee applications, and the calculation it supplied to Mr. Pietzsch for paragraph 5 of his declaration was mistaken.  Instead of totaling $205,461.50, the Quinn entries associated with Midas Green during the relevant period total $167,914.75.

7.      The Wind Down Debtor therefore will withdraw paragraph 5 of the Pietzsch

---

[7]   The requisite business records foundation for professional fee invoices can be laid either by the professional services firm, or by the client.  *See, e.g., MRT Constr. Inc. v. Hardrives, Inc.,* 158 F.3d 478, 483 (9th Cir. 1998) (approving admission of attorneys' fee invoices under FRE 803(6) based on business records foundation laid by the client); *see also Pizza Hut, LLC v. Ronak Foods, LLC*, 2022 WL 3544403 (E.D. Tex. 2022) (admitting report prepared by auditor as business record based on 803(6) foundation laid by client).

Declaration, and rely solely on the invoices themselves as evidence of amounts incurred by Quinn during the relevant period.  For ease of reference, attached hereto as **Tab B** is a copy of the relevant Quinn invoices for the period beginning September 1, 2025 through emergence with the entries highlighted in yellow that the Wind Down Debtor submits self-evidently are related to Midas Green.  Paragraphs 3, 4 and 8 will be withdrawn in favor of the Topping Declaration, assuming it is admitted.

8.      Substantively, that leaves only paragraphs 6 and 7 of the Pietzsch Declaration, which concern Akin fees post-emergence.  Akin invoices for the period are identified as Exhibits 42-45, and are redacted for relevance and privilege.  Because Akin does not bill on a post-emergence basis by task, the time ascribed to each entry represents an estimate by Akin supplied to Mr. Pietzsch for purposes of preparing his declaration.  Attached as **Tab C** is a copy of the document provided by Akin to Mr. Pietzsch estimating the amounts associated with the Midas Green entries.

9.      In summary, the Wind Down Debtor claims the fees and expenses identified below were incurred by the firms identified below, during the periods identified below, in connection with the Rhodium's litigation with Midas Green.  Cites to the record supporting the identified amounts also are provided for ease of reference.

| Period | Firm | Amount | Record Cite |
|---|---|---|---|
| Inception to Petition Date | Kirkland | No less than $2.5 million in fees and $81,778.87 in expenses | Topping Decl. ¶ 2; PX 54, 56 |
| Inception to Petition Date | Stris | $2,596,065.00 in fees and $320,376.00 in expenses | Topping Decl. ¶ 3; PX 46, 56 |
| Petition Date to Topping Declaration | Stris | $579,975.79 in fees and $6,103.43 in expenses | Topping Decl. ¶ 4; PX 25, 56, 57 |
| Petition Date to Topping Declaration | Quinn | $170,941.50 in fees | Topping Decl. ¶ 4; PX 27, 55, 56 |

| Topping Declaration to Emergence | Stris | $208,237.50 in fees and $67,086.60 in expenses | PX 25, 56, 57 |
|---|---|---|---|
| Topping Declaration to Emergence | Quinn | $167,914.75 in fees | PX 27, 55, 56 |
| Post-Emergence through May 2026 | Akin | $90,029.70 in fees | PX 36, 43, 43, 44, 45 |

10.     As illustrated above, the total fees and costs claimed by the Wind Down Debtor for all firms during the identified periods is $6,788,509.14, the total fees and costs claimed by the Wind Down Debtor for the post-petition period through emergence is $1,200,259.57, and the total damages claimed by the Wind Down Debtor for the post-petition period through May 2026 is $90,029.70.[8]

## **RESERVATION OF RIGHTS**

11.     This Statement is submitted without prejudice to, and with a full reservation of, the Wind Down Debtor's rights, claims, defenses and remedies, including on appeal, and including, without limitation, its rights to amend, modify or supplement this Statement.

---

[8]   Redacted invoices for Akin in June and July can be made available at the Court's request.

Dated: July 28, 2026

Respectfully Submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

/s/ *Sarah Link Schultz*

Sarah Link Schultz (State Bar No. 24033047;
S.D. Tex. 30555)
Elizabeth D. Scott (State Bar No. 24059699;
S.D. Tex. 2255287)
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Email: sschultz@akingump.com
Email: edscott@akingump.com

- and -

Mitchell P. Hurley (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Email: mhurley@akingump.com

*Counsel to the Wind Down Debtor*

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 28, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Sarah Link Schultz*
Sarah Link Schultz